UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERROLL G. THOMAS,

    *Plaintiff*,

v.                                                                                            Case No. 2:06-cv-256
                                                                                  HON. R. ALLAN EDGAR

TANYA CUNNINGHAM and
R. KENT OWEN,

    *Defendants*.
_____/

## MEMORANDUM AND ORDER

Plaintiff Erroll G. Thomas, a state prisoner in the custody of the Michigan Department of Corrections (MDOC), brings this *pro se* civil rights action under 42 U.S.C. § 1983 seeking injunctive relief, and compensatory and punitive damages. Plaintiff sues defendants Tanya Cunningham ("Cunningham") and R. Kent Owen ("Owen") in their official capacities as employees/agents of MDOC and in their individual capacities. Cunningham is employed by MDOC as a Health Unit Manager at the Kinross Correctional Facility. Owen is a dentist employed by MDOC to provide dental services to MDOC inmates. At all times relevant to the complaint, Cunningham and Owen were acting in their official capacities as employees/agents of MDOC. Plaintiff claims the defendants were deliberately indifferent to his serious medical needs in violation of the plaintiff's right under the Eighth Amendment to the United States Constitution not to be subjected to cruel and unusual punishment.

Pursuant to W.D. Mich. LCivR 72.1 and 72.2, the plaintiff's complaint was referred to

1

United States Magistrate Judge Timothy P. Greeley for initial screening under 28 U.S.C. § 1915A. On November 22, 2006, the Magistrate Judge submitted his report and recommendation. [Doc. No. 4]. The Magistrate Judge recommends that the plaintiff's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief can be granted.

In the report and recommendation, the Magistrate Judge discusses the plaintiff's failure to plead and show the exhaustion of available administrative remedies against defendant Owen as required by 42 U.S.C. §1997e(a). The Magistrate Judge points out that the plaintiff's claim against Owen also may be dismissed without prejudice on the alternative ground of failure to exhaust available administrative remedies. However, the Magistrate Judge goes on to correctly explain that in the event a complaint fails to state a claim upon which relief can be granted, the Court in its discretion may dismiss the underlying claim without first requiring the exhaustion of available administrative remedies. 42 U.S.C. §1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998). On page 5 of the report and recommendation, the Magistrate Judge states that because the plaintiff's complaint fails to state a claim upon which relief can be granted, it is recommended the complaint be dismissed without first requiring plaintiff Thomas to exhaust his available administrative remedies. In other words, the Magistrate Judge recommends the complaint against Cunningham and Owen be dismissed on the ground that the complaint fails to state a claim upon which relief can be granted.

Plaintiff has filed two objections to the report and recommendation. [Doc. No. 5]. After reviewing the record *de novo*, the Court concludes that the plaintiff's objections are without merit and the objections are **DENIED**.

The first objection is that plaintiff disagrees with the Magistrate Judge's finding that plaintiff Thomas has failed to plead and show the exhaustion of available administrative remedies on the claim against defendant Owen. This objections fails. It is immaterial in this case whether plaintiff did or did not sufficiently plead and show the exhaustion of available administrative remedies on his claim against Owen. As explained *supra*, the plaintiff's complaint against Owen is not being dismissed by the Court on the ground of failure to exhaust available administrative remedies. Rather, the plaintiff's complaint against Owen is being dismissed on the different ground of failure to state a claim upon which relief can be granted. The plaintiff's first objection is irrelevant.

Moreover, the Court completely agrees with the Magistrate Judge's correct finding that plaintiff Thomas has failed to plead and show the exhaustion of available administrative remedies on his claim against defendant Owen. There are three steps in the Michigan prisoner grievance process. In his objection [Doc. No. 5, p. 2], plaintiff contends that he "mentioned" Owen in the third step of his grievance. This is clearly insufficient to show the exhaustion of available administrative remedies with regard to Owen. To properly exhaust his available administrative remedies, plaintiff Thomas is required to specifically assert and pursue a grievance against Owen at all three steps in the Michigan prisoner grievance process which plaintiff failed to do.

The second objection is that plaintiff disagrees with the Magistrate Judge's conclusion that the complaint fails to state a viable claim that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. The Court has reviewed *de novo* the complaint and the documents attached to it as exhibits. The Court agrees with the Magistrate Judge's analysis and conclusions of law.

The Court **ACCEPTS and ADOPTS** the report and recommendation pursuant to 28 U.S.C.

§ 636(b)(1), Fed. R. Civ. P. 72(b), and W.D. Mich. LCivR 72.3(b).  The Court supplements and expands on the report and recommendation.  The Court takes this opportunity to explain additional reasons why the plaintiff's claims for money damages brought against the defendants in their official capacity as MDOC employees/agents must be dismissed for failure to state a claim upon which relief can be granted.

MDOC is an agency or department of the State of Michigan.  A lawsuit against persons under 42 U.S.C. § 1983 in their official capacities as employees/agents of MDOC is in effect the same as bringing suit against MDOC and the State of Michigan.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003); *Mumford v. Basinski*, 105 F.3d 264, 270 n. 8 (6th Cir. 1997); *Pusey v. City of Youngstown*, 11 F.3d 652, 657-58 (6th Cir. 1993); *Hardin v. Straub*, 954 F.3d 1193, 1198-99 (6th Cir. 1992); *Leach v. Shelby County Sheriff*, 891 F.3d 1241, 1245 (6th Cir. 1989);*Green v. Metrish*, 2006 WL 2506191, * 2 (W.D. Mich. Aug. 29, 2006).

Plaintiff Thomas cannot maintain a 42 U.S.C. § 1983 civil rights action against MDOC and the State of Michigan by suing MDOC employees/agents in their official capacities.  The State of Michigan and its employees/agents acting in their official capacities are not "persons" subject to suit under 42 U.S.C. § 1983.  *Will*, 491 U.S. at 71; *Gean*, 330 F.3d at 766; *Moore v. McGinnis*, 182 F.3d 918 (Table, text in 1999 WL 486639, * 1 (6th Cir. June 28, 1999)); *Pusey*, 11 F.3d at 657-58; *Green*, 2006 WL 2506191, at * 3; *Burnett v. Michigan Department of Corrections*, 2006 WL 1547248, * 2 (W.D. Mich. June 5, 2006).

Furthermore, the Eleventh Amendment to the United States Constitution provides sovereign immunity for the States and it bars suits for money damages against the State of Michigan and its

MDOC employees acting in their official capacities unless either: (1) the United States Congress expressly abrogates Eleventh Amendment immunity by statute; or (2) the State of Michigan gives its unequivocal, express consent to being sued under 42 U.S.C. § 1983 and waives its Eleventh Amendment sovereign immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004); *Johnson v. Unknown Irvine*, 79 Fed. Appx. 154, 155 (6th Cir. Oct. 24, 2003); *Nelson v. Miller*, 170 F.3d 641, 646 (6th Cir. 1999); *McGinnis*, 1999 WL 486639, at * 1; *Doe v. Wigginton* 21 F.3d 733, 736-37 (6th Cir. 1994); *Green*, 2006 WL 2506191, at * 3; *Secord v. Michigan Department of Corrections*, 2006 WL 2035301, * 2 (W.D. Mich. July 18, 2006); *Burnett*, 2006 WL 1547248, at * 2; *Henderson v. Michigan Department of Corrections*, 2006 WL 958743, * 1 (W.D. Mich. April 10, 2006); *Webb v. Caruso*, 2006 WL 416261, * 3 (W.D. Mich. Feb. 22, 2006).

The United States Congress has not abrogated Eleventh Amendment immunity for the States in civil actions brought under 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 341, 345 (1979); *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993); *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 940-41 (6th Cir. 1990); *Green*, 2006 WL 2506191, at * 3; *Secord*, 2006 WL 2035301, at * 2; *Henderson*, 2006 WL 958743, at * 1; *Webb*, 2006 WL 416261, at * 3.

The State of Michigan has not waived its Eleventh Amendment immunity from suit in actions brought under 42 U.S.C. § 1983. The State of Michigan has not consented to being sued in the federal courts for money damages by plaintiff Thomas, a state prisoner, under 42 U.S.C. § 1983. *Johnson*, 357 F.3d at 545; *Hill v. Michigan*, 62 Fed. Appx. 114, 115 (6th Cir. 2003); *McGinnis*, 1999 WL 486639, at * 1; *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986); *Green*, 2006 WL 2506191, at * 3; *Secord*, 2006 WL 2035301, at * 2; *Burnett*, 2006 WL 1547248, at * 2; *Henderson*,

2006 WL 958743, at * 1; *Webb*, 2006 WL 416261, at * 3.

In sum, to the extent that plaintiff Thomas pleads claims for compensatory and punitive damages against the defendants in their official capacities under 42 U.S.C. § 1983, these claims must be dismissed with prejudice for failure to state claims upon which relief can be granted.

Accordingly, the plaintiff's entire complaint and all claims against defendants Cunningham and Owen brought under 42 U.S.C. § 1983 shall be **DISMISSED WITH PREJUDICE.** The dismissal of this frivolous action shall count as a strike for purposes of applying 28 U.S.C. § 1915(g). For the same reasons that the Court dismisses this action, the Court finds there is no good faith basis for an appeal from this decision.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

A separate judgment will be entered.

SO ORDERED.

Dated: December 19, 2006.

                                                       */s/ R. Allan Edgar*
                                                          R. ALLAN EDGAR
                                          UNITED STATES DISTRICT JUDGE